UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WANGSHUO QI,

                    Plaintiff,

          v.

ELISABETH YANG, DAN
TOCHTERMAN, KATHERINE
DEMACOPOULOS, NYU LANGONE
HEALTH SYSTEM, AUSTIN
BENDER, MATTHEW BIANCO,
STEVE RITEA, MARY A
REMENTILLA, SCOTT
MELLYNCHUK, BETH COOPER,
ELIZABETH M GOLDEN, DEBBIE
COHN, ABC CORPORATIONS 1-3,
and JOHN DOES 1-3,

                    Defendants.

26-CV-251 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

      Plaintiff Wangshuo Qi, proceeding *pro se*, brings this action against Defendants alleging, among other things, wrongful termination and discrimination. For the reasons set forth below, the Court dismisses this action pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

      On December 12, 2025, Plaintiff filed a summons with notice in the Supreme Court of the State of New York. *See* Dkt. 4-1. On January 13, 2026, Defendants removed the case to this Court. Dkt. 4. On January 14, 2026, the Court issued an order directing the parties to jointly submit a proposed case management plan and scheduling order, and to appear for an initial status conference on February 20, 2026. Dkt. 5. On February 13, 2026, Defendants filed a letter to the Court with

a proposed case management plan without input from Plaintiff. Dkt. 6. As scheduled, the Court held an initial status conference on February 20, 2026. Plaintiff failed to appear at the conference.

In an effort to ensure Plaintiff was aware of the conference, the Court asked the defense counsel whether he was in contact with Plaintiff. Counsel responded that he had emailed a copy of Defendants' proposed case management plan to Plaintiff, and that Plaintiff had confirmed receipt of the email and indicated that he might be seeking to file this action in another jurisdiction. After the conference, the Court issued an order directing Plaintiff to notify the Court if he still intended to pursue this case before this Court. Dkt. 7. The Court warned Plaintiff that if he "fails to do so by March 13, 2026, this action will be dismissed without prejudice" and directed the Clerk of Court to mail a copy of the order to him. *Id.* The Court has not received any communication from Plaintiff.

<h3 align="center">LEGAL STANDARD</h3>

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or comply with these rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it necessitates "'particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not communicated with the Court for more than three months since the removal of the case, and has failed to either appear at the initial status conference or respond to the Court's February 20, 2026 order. *See* Dkts 5, 7; *e.g.*, *Singelton v. City of New York*, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing action under Rule 41(b) where plaintiff had not communicated with the court for over two months); *Smalls v. Bank of New York*, 2008 WL 1883998, at *4–5 (S.D.N.Y. Apr. 29, 2008) (dismissing action under Rule 41(b) where "there has been no activity in this case or communication from plaintiffs for nearly two months."). Second, Plaintiff was on notice that his failure to comply will result in dismissal: the Court's February 20, 2026 order explicitly warned him that this action will be dismissed if he failed to respond. *See Mitchell*, 708 F.3d at 468. Third, Plaintiff has been given an opportunity to be heard; indeed, he failed to attend the initial status conference, and also failed to follow the Court's February 20, 2026 order directing him to contact the Court. *See* Dkt. 7. Fourth, this case has been pending for more than three months, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiff's failure to show up and non-compliance warrants dismissal.

On balance, however, and in light of Plaintiff's *pro se* status, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Any prejudice to Defendants has been minor: this case is at an early stage, and based on the record, it does not appear that Defendants have had any substantive involvement in the case. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206 (2d Cir. 2001) ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or [e]specially burdensome, prejudice to defendants beyond the delay itself."). Moreover, this action has not substantially burdened the Court's docket: the Court has not decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial. Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiff's failure to communicate with the Court or to comply with the Court's orders. *See, e.g.*, *Ortega v. Mutt*, 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see* also 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

**CONCLUSION**

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal

Rule of Civil Procedure 41(b).  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:    April 21, 2026
               New York, New York

_____
Hon. Ronnie Abrams
United States District Judge